# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L.R. COSTANZO COMPANY, INC., | : | No. 3:10cv774 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| OHIO CASUALTY INSURANCE | : | |
| COMPANY; and | : | |
| AMERICAN FIRE & CASUALTY | : | |
| INSURANCE COMPANY, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendant Ohio Casualty Insurance Company's motion to dismiss. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises form a dispute over insurance coverage between plaintiff and defendants. Plaintiff, a construction company, served as the general contractor for a building erected in Tobyhanna Township, Pennsylvania around 2001 for the Pocono Mountain Regional Police Commission ("PMRPC"). (Complaint (hereinafter "Complt.") Exh. A to Notice of Removal (Doc. 1) at ¶ 4). In 2009, plaintiff received notice that this building had begun to suffer water leakage problems. (Id. at ¶ 5). The party complaining about the building alleged that the leaking was the result of improper installation of insulation, improper ventilation and the use of non-

conforming products in the construction. (Id. at ¶¶ 5-7). The PMRPC filed suit against plaintiff in the Court of Common Pleas of Monroe County, Pennsylvania on September 20, 2009. (Id. at ¶ 8). That lawsuit raises claims of negligence, breach of contract, breach of warranty and breach of the duty of good faith against the plaintiff here. (Id. at ¶¶ 9-10).

Plaintiff alleges that defendants provided plaintiff with insurance coverage through a general liability insurance policy. (Id. at ¶ 3). When served with the Monroe County complaint, plaintiff tendered that document to the defendants. (Id. at ¶ 13). Plaintiff requested that defendants retain counsel and appear in court to defend that case. (Id.). Defendants refused to do so. (Id. at ¶ 13).

Plaintiff then filed the instant complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania. The complaint raises two counts. Count I alleges bad faith, contending that defendants did not conduct a reasonable investigation of the claims at issue and unreasonably refused to defend plaintiff in the Monroe County action. Count II raises a breach of contract claim, contending that defendants refused to comply with the terms of the insurance contract by refusing to supply plaintiff with a defense.

Defendants then removed the case to this court. (See Doc. 1). After removing the case, defendants file the instant motion to dismiss. The parties then briefed the issues, bringing the case to its present posture.

**Jurisdiction**

2

Plaintiff is a Pennsylvania corporation with its principal place of business in that Commonwealth. Defendants are Ohio corporations with their principal places of business in that state. The amount in controversy exceeds $75,000. The court therefore has jurisdiction pursuant to 28 U.S.C. § 1332. The court is sitting in diversity, and therefore the substantive law of Pennsylvania shall apply. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006)

(citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Discussion**

Defendant Ohio Casualty seeks dismissal of both counts of plaintiff's complaint. The court will address each in turn.

### A. Breach of Contract

Defendant first argues that the complaint should be dismissed because plaintiff has not specifically pled that a contract of insurance existed between the parties. Defendant points out that plaintiff has not appended any contract between the parties to the complaint and has not pled specifically that such a contract existed. The exhibits to the complaint indicate that the insurance policy was between

4

American Fire & Casualty Company, not between Ohio Casualty and plaintiff. As such, defendant argues, plaintiff cannot make out a claim on this issue.

In Pennsylvania, "[t]hree elements are necessary to plead properly a cause of action for breach of contract: "'(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract and (3) resultant damages.'" Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 884 (Pa. Super. Ct. 2000) (quoting Corestates Bank, Nat'l Assn. v. Cutillo, 723 A.2d 1053, 1057 (Pa. Super. Ct. 1999)). Defendant apparently agrees that plaintiff has pled properly the second and third elements of a breach-of-contract claim, but contends that the complaint does not sufficiently allege the existence of an insurance contract between plaintiff and Defendant Ohio Casualty.

Plaintiff alleges that "[a]t all times relevant hereto, the above named Defendants provided Costanzo with a General Liability Insurance Policy No. BKA(08)53-51-50-50." (Complt. at ¶ 3). The plaintiff thus alleges the existence of an insurance contract between the parties.

Defendant, however, insists that exhibits attached to the complaint demonstrate that the insurance policy did not involve Ohio Casualty. The insurance contract is attached as an exhibit to the complaint, and defendant contends that the contract is between plaintiff and American Fire. (See Exh. A to Notice of Removal (Doc. 1)). Some evidence indicates, however, that Ohio Casualty participated in the writing of the policy. Ohio Casualty-Pennsylvania is listed as the "servicing office" on

5

this policy. The logos of both Ohio Casualty and American Fire head each page of the policy. (Id.). Moreover, plaintiff submits copies of bills paid on the policy in question as exhibits to its brief in opposition to plaintiff's motion. (See Exh. A to Brief in Opposition (Doc. 11)). The bill comes from Ohio Casualty, not American Fire. (Id.). The insured is instructed to make the check payable to Ohio Casualty Insurance Company. (Id.).

The court finds that plaintiff's allegations–supported by exhibits to the complaint–sufficiently allege that a contract of insurance existed between Ohio Casualty and plaintiff at the time in question. Further discovery may reveal that Ohio Casualty Insurance Company had no role in writing the policy in question, or that another name should be substituted in the caption for Ohio Casualty Insurance Company[1], but the court here considers a motion to dismiss, rather than a motion presented after discovery has occurred. The allegations in the complaint are sufficient to raise a claim against Ohio Casualty Insurance Company. As the insufficiency of this allegation was the only basis for defendant's motion to dismiss this claim, the court will deny the motion on those grounds.

**B. Bad Faith**

Defendant Ohio Casualty also contends that plaintiff's bad faith claim should

---

[1] Defendant suggests that plaintiff is confusing Ohio Casualty Group, which includes both American Fire and Ohio Casualty Insurance Company as subsidiaries, with Ohio Casualty Insurance Company. In that case, discovery may reveal that the proper defendant would be Ohio Casualty Group. At this point, however, the allegations in the complaint are sufficient to name both American Fire and Ohio Casualty Insurance.

6

be dismissed. As with the breach of contract claim, Ohio Casualty argues that plaintiff cannot prevail on this claim because no insurance contract existed between the parties. For the same reasons that the court will deny the motion on plaintiff's breach of contract claim, the court will deny the motion on the bad faith claim. Plaintiff has sufficiently alleged that a contract of insurance existed between the parties. The discovery process will provide a means to explore this claim.

**Conclusion**

For the reasons stated above, the court will deny the defendant's motion. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| L.R. COSTANZO COMPANY, INC., | : | No. 3:10cv774 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| OHIO CASUALTY INSURANCE COMPANY; and AMERICAN FIRE & CASUALTY INSURANCE COMPANY, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 11th day of June 2010, Defendant Ohio Casualty Insurance Company's motion to dismiss (Doc. 8) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**